Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY ORIENTAL BANK AND TRUST<br><br>Apelada<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelante | KLAN202400766 | Apelación Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.: BY2023CV06796<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

El 12 de agosto de 2024, el Gobierno de Puerto Rico (en adelante, el Estado o ELA) sometió ante este Tribunal de Apelaciones una *Apelación Civil* mediante la que nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario) con fecha del 9 de mayo de 2024, notificada el día 13 de mayo de 2024. Por virtud del aludido dictamen, el TPI declaró Ha Lugar la *Moción en Solicitud de Sentencia Sumaria* sometida por Oriental Bank and Trust. Consecuentemente, declaró con lugar la *Demanda* sobre impugnación de confiscación de epígrafe.

Estudiado el legajo apelativo, en virtud del derecho aplicable que más adelante consignamos, **confirmamos** la *Sentencia* apelada.

-I-

El 1 de diciembre de 2023, Universal Insurance Company (en adelante, Universal) y Oriental Bank and Trust (en adelante, Oriental o la parte apelada) sometieron contra el Estado una *Demanda* sobre

impugnación de confiscación. Alegaron que la confiscación del vehículo de motor marca Ford modelo Ecosport, tablilla JLS-354 del año 2020, el 6 de octubre de 2023, fue nula e ilegal, pues la notificación efectuada por el Estado sobre la confiscación no se hizo dentro los términos establecidos por ley. Además, que el vehículo no se ha utilizado en violación de una ley que justifique la confiscación.

Por otro lado, argumentaron que la Ley Uniforme de Confiscaciones de 2011 es inconstitucional. Porque viola el debido proceso de ley de Universal y Oriental. Al igual, que infringe disposiciones de la Constitución de Puerto Rico y la Constitución Federal.

El 9 de enero de 2024, el ELA contestó la *Demanda*. Al así hacerlo, negó que la confiscación fuera nula e ilegal. Alegó que el vehículo de motor fue ocupado porque se utilizó en violación del Art. 6.15 de la Ley de Armas, entre otros cargos, en Toa Baja, Puerto Rico. A su vez, levantó sus defensas afirmativas.

Habiéndose constatado la legitimación de Oriental durante la vista de legitimación activa, la parte apelada presentó una *Moción en Solicitud de Sentencia Sumaria* el 14 de mayo de 2024. En esta, alegó que, según la notificación del Departamento de Justicia, la confiscación del vehículo ocurrió el 6 de octubre de 2023. Expuso que, según surgía del matasello del correo, la notificación de confiscación hecha por el Estado se hizo el 8 de noviembre de 2023, cuando el término de 30 días dispuesto en Ley para tal acto había expirado.[1]

El 2 de abril de 2024, el ELA se opuso a dicho escrito y afirmó que existen controversias de hechos que impiden la adjudicación sumaria de la acción. Alegó que: la ocupación del vehículo de motor de la *Demanda*

---

[1] En apoyo a su petición, sometió copia de una carta del 7 de noviembre de 2023 dirigida a Oriental mediante la cual la Junta de Confiscaciones notificó la confiscación del vehículo y copia del sobre con matasello ponchado el 8 de noviembre de 2023. También, sometió copia del Título de Propiedad del auto Ford, Ecosport con tablilla JLS-354.

ocurrió el **6 de octubre de 2023;** que la misma obedeció a que el automóvil fue utilizado en violación al Artículo 6.15 de la Ley de Armas; y que el **23 de octubre de 2023** se expidió una *Orden de Confiscación* en la que se indica que el vehículo fue utilizado en violación al antes citado estatuto. Asimismo, el Gobierno explicó los hechos que motivaron la *Orden de Registro y Allanamiento* mediante la cual se realizó la ocupación y rebatió que contaba con 90 días para culminar su investigación, más 30 días adicionales desde la Orden de Confiscación para notificar la misma a las partes con interés.[2]

El 9 de mayo de 2024, el foro primario dictó *Sentencia.* Esta fue notificada el 13 de mayo de 2024. Allí, determinó que no existía controversia en cuanto a los siguientes hechos:

1. El Estado Libre Asociado de Puerto Rico ocupó un vehículo marca Ford modelo Ecosport, tablilla JLS-354 del año 2020, el que, según notificación del Departamento de Justicia, la misma se llevó a cabo el 6 de octubre de 2023. El mismo fue ocupado por alegadamente haberse utilizado en violación al Artículo 6.15 de la Ley 168, en Toa Baja, Puerto Rico. El vehículo antes descrito fue tasado en la cantidad de $16,000.00.

2. El Vehículo fue financiado por Oriental Bank and Trust, entidad financiera con un gravamen inscrito en el Departamento de Transportación y Obras Públicas, razón por la cual se le notificó de la confiscación habida sobre el mismo. Anejo 2. No obstante, la notificación al banco sobre la confiscación del referido vehículo se hizo el 8 de noviembre de 2023, según surge del matasellos del correo.

3. La legitimación activa de Oriental Bank and Trust, fue adjudicada en la vista celebrada el 12 de marzo de 2024.

4. Según la Ley 119 de 12 de julio de 2011, en su artículo 13 dispone que: "En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular", la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado. […]." Por tanto, el Estado tenía hasta el 5 de noviembre de 2023, para notificar la confiscación.

5. Sin embargo, no es hasta el 8 de noviembre de 2023, que se notifica a Oriental Bank and Trust. Esto es vencido ya el término para notificar.

---

[2] Con su oposición, el ELA sometió *Orden de Registro y Allanamiento* expedida el 6 de octubre de 2023 y *Orden de Confiscación* del 2 de noviembre de 2023.

6. El Estado no cumplió con los requisitos jurisdiccionales sobre notificación establecido bajo la nueva Ley Uniforme de Confiscaciones de 2011.

Tras exponer el derecho aplicable a la controversia, el foro primario enunció lo que a continuación transcribimos:

En el presente caso no hay controversia en cuanto a que la parte demandada ocupó el vehículo el 6 de octubre de 2023 y notificó a la parte demandante la confiscación del vehículo el 8 de noviembre de 2023. Por lo tanto, bajo la norma general, dicha notificación se llevó a cabo fuera del término jurisdiccional dispuesto por nuestro ordenamiento legal. La parte demandada Gobierno alega que en este caso aplica, por vía de excepción, el último párrafo del Artículo 13 de la Ley Núm. 119-2011, supra. La parte demandada alega que el vehículo fue ocupado para fines investigativos, y la Orden de Confiscación fue emitida el 23 de octubre de 2023 luego de culminada la investigación correspondiente. Sin embargo, el Gobierno no menciona cual fue "la investigación correspondiente". Conforme lo dispuesto en Reliable Financial v. ELA, supra, para que sea de aplicación el término de noventa (90) días es imperativo que se haya iniciado algún tipo de investigación cercana a la incautación; así como que dicha investigación esté relacionada con el motivo inicial para ocupar la propiedad, de manera que se acredite la dilación de la retención de la propiedad. Por lo que, corresponde al Estado establecer tanto la naturaleza de la investigación, como la necesidad de retener la propiedad para fines asociados a esa investigación. De nuevo, la Orden de Allanamiento fue liberada debido a que, de la investigación y análisis realizado por la Policía de Puerto Rico, se concluyó que el Vehículo "se está utilizando para guardar armas de fuego". Por tanto, es forzoso concluir que ya la investigación correspondiente se había realizado al momento de la ocupación del Vehículo. Como cuestión de hecho, el Gobierno no anejó a la Oposición el formulario PPR 128, Inventario de Vehículo, donde por uso y costumbre se marca el encasillado correspondiente a que el vehículo fue "Ocupado para Investigación". De hecho, del expediente del caso de autos no contiene documentos presentados que reflejen alguna investigación relacionada al vehículo confiscado, más allá de la Orden de Allanamiento.

Además, cabe mencionar que no se desprende de la carta de notificación de la confiscación de fecha 7 de noviembre de 2023, ni de la propia Orden de Confiscación la necesidad de retener el vehículo como parte de una investigación en curso por parte de la Junta de Confiscaciones o alguna otra agencia del Gobierno de Puerto Rico.

Recordemos que en Reliable Financial v. ELA, supra, pág. 305, expresamente se determinó que la mejor práctica es que el Estado informe los motivos investigativos para retener la propiedad a las partes interesadas lo más cercano posible a la incautación. En esos términos se dispuso:

"De este modo, se les alerta oportunamente que el trámite confiscatorio puede extenderse más allá de los treinta o sesenta días, provistos en los otros supuestos de este precepto de ley. A la vez se reduce la posibilidad de que el Estado improvise justificaciones a posteriori para la demora,

vulnerando los derechos propietarios de los dueños". Id., págs. 305-306.

El Tribunal Supremo aclaró, además, que, en ausencia de la comunicación mencionada, el Estado tiene el peso de probar fehacientemente "la conexión entre el motivo para la ocupación de la propiedad retenida y la investigación correspondiente". Id.

Según indicamos previamente, el 6 de octubre de 2023 el Vehículo fue ocupado. El Estado retuvo la propiedad incautada, más tampoco hay prueba que nos permita establecer que el Estado emitió una comunicación a los interesados informando que habría una investigación relacionada al vehículo confiscado. Tampoco surge tal información de la Orden de Confiscación, por lo que no estamos en posición de concluir que procede aplicar el término excepcional de noventa (90) días contemplado por el estatuto.

Este Tribunal concluye que, de la única forma en que el Estado puede aprovecharse de este plazo adicional es estableciendo que la propiedad fue incautada y retenida con el propósito de asistir en alguna otra investigación. Es decir, el Gobierno no proveyó prueba que nos permita concluir que hacía falta una investigación adicional a la ya realizada por la Policía de Puerto Rico al solicitar la Orden de Allanamiento, la cual, de nuevo, fue emitida luego de una investigación realizada por la Policía de Puerto Rico.

Como producto de este análisis, el TPI aplicó la norma general de que la confiscación se notificará dentro del término jurisdiccional de 30 días desde la ocupación física del bien. Por tal razón, concluyó que, en el caso de epígrafe, la notificación sobre confiscación ocurrió expirado dicho término y declaró Ha Lugar tanto la solicitud de sentencia sumaria de Oriental, así como la *Demanda* sobre impugnación de confiscación.

El 21 de mayo de 2024, el Estado presentó una *Moción en Reconsideración de Sentencia*. Allí, señaló que la *Orden de Confiscación* fue expedida por el fiscal investigador a los 17 días de la ocupación del vehículo de motor, por lo que se realizó dentro de los 90 días establecidos en el Art. 13 de la Ley Uniforme de Confiscaciones para culminar la investigación relacionada con cualquier acción penal y emitir la orden de confiscación correspondiente. A su vez, indicó que la notificación de confiscación se realizó a los 16 días desde la expedición de la *Orden de Confiscación*. Por ende, la parte apelada fue notificada dentro el término dispuesto por ley.

Por su parte, el 10 de junio de 2024, la parte apelada presentó su *Oposición a "Moción de Reconsideración"*. Arguyó que el Estado no logró

demostrar en el caso con la documentación que sometió, que el vehículo se retuvo para una investigación **relacionada al vehículo**.

Atendidos ambos escritos, el 10 de junio de 2024 y notificado el día 11 de junio de 2024, el TPI dictó *Resolución* en la que declaró No Ha Lugar la reconsideración sometida. En desacuerdo con lo decidido, el 12 de agosto de 2024, el ELA instó el recurso de apelación de epígrafe en el que señaló la comisión de los siguientes 2 errores:

> El Tribunal de Primera Instancia erró al dictar *Sentencia* sumariamente en el caso de epígrafe, pues el Estado **demostró** que persiste una genuina controversia de hecho sobre la alegada retención del vehículo para realizar una investigación que condujera a los responsables del delito que motivó su confiscación.

> El foro primario incidió al resolver el pleito por la vía sumaria, a pesar de existir un hecho controvertido, el cual era determinante para concluir si la notificación de la confiscación fue oportuna o tardía.

Examinado este escrito, el 21 de agosto de 2024, dictamos *Resolución* mediante la que le ordenamos a la parte apelada a someter su posición en cuanto al recurso de epígrafe. El 17 de septiembre del año en curso, Oriental presentó *Alegato de la Parte Apelada.*

-II-

A.

La confiscación es el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos. Universal Ins. y otro v. ELA y otros, 211 DPR 455 (2023) al citar a Coop. Seg. Múlt. et als. v. ELA et al., 209 DPR 796 (2022) y otros. Dicho proceso tiene dos modalidades. Una de estas, de naturaleza penal, va dirigido contra la persona imputada de delito (*In personam).* En ella, si el imputado resulta culpable de la comisión del delito, la sentencia incluirá como sanción la confiscación de la propiedad incautada. *Íd*., a la pág. 464.

La otra modalidad es una de carácter *in rem*, dirigida contra la cosa misma y no contra el dueño de la propiedad, poseedor, encargado o cualquier otra persona con interés legal sobre el bien. *Íd.* Para que proceda una confiscación *in rem* o civil deben satisfacerse dos requisitos primordiales, a saber: (1) debe existir prueba suficiente y preponderante de que se ha cometido un delito y (2) debe demostrarse que existe un nexo entre la comisión del delito y la propiedad confiscada. Además, dada la naturaleza independiente de la acción civil de la confiscación, esta puede instarse antes de que se presente una acción criminal o, incluso, antes de que se haya obtenido un veredicto de culpabilidad o absolución. Lo crítico es que el Estado demuestre que la propiedad confiscada se utilizó en una actividad delictiva. Universal Ins. y otros v. ELA y otros, *supra,* a la pág. 466, y casos allí citados.

Mediante la aprobación de la Ley 119-2011, nuestra Asamblea Legislativa estableció un trámite justo, expedito y uniforme para la confiscación de bienes por parte del Gobierno. Id., al citar a Figueroa Santiago et als. v. ELA, 207 DPR 923, 930 (2021). La Ley 119-2011, según enmendada, autoriza al Estado a ocupar y hacer suya toda propiedad que sea utilizada en la comisión de ciertos delitos graves y menos graves, incluyendo violaciones a la Ley de Vehículos y Tránsito.[3] Conforme establece el Artículo 13 del aludido estatuto, el Estado tiene la obligación de notificar la confiscación realizada y la tasación de la propiedad a las personas en dicho artículo enumeradas.[4]

Las personas notificadas de una confiscación conforme a la Ley 119-2011 y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el

---

[3] 34 LPR Sec. 1724f.
[4] 34 LPRA Sec. 1724j.

Estado Libre Asociado de Puerto Rico. Dicha demanda, deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior y tramitarse de manera expedita, celebrándose los procedimientos sin sujeción a calendario. Así pues, el tribunal ante el cual se haya presentado el pleito deberá adjudicarlo dentro de los seis (6) meses desde que la demanda se conteste. La legalidad y corrección de la confiscación se presumirá, tendiendo el demandante el peso de la prueba para derrotar la legalidad de esta. A su vez, el descubrimiento de prueba se realizará dentro de los treinta (30) días posteriores a la contestación a la demanda. [5]

En cuanto a la notificación de la confiscación arriba aludida, el Artículo 13 de la Ley 119-2011, *supra,* establece lo siguiente:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
> d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.
>
> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.
>
> En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" (9 L.P.R.A. §§ 3201 et seq.), la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado. Un vehículo ocupado al amparo de la "Ley para la Protección de la Propiedad Vehicular", no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha Ley. El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.

---

[5] 34 LPRA Sec. 1724l.

**En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.** (énfasis suplido)

El propósito de la notificación regida por el antes transcrito artículo es salvaguardar los derechos constitucionales de toda parte interesada en la propiedad confiscada. Reliable v. Depto. Justicia y ELA, 195 DPR 917, 925 (2016) al citar a López v. Secretaria, 162 DPR 345, 352 (2004).

B.

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase,

Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015) Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. ELA, 178 DPR 914, 932 (2010) No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales

en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

-III-

El apelante en su recurso de revisión señaló que el TPI erró al acoger la *Moción de Sentencia Sumaria* presentada por la parte apelada. Así, indicó que existe una genuina controversia de hecho sobre la alegada retención del vehículo para fines investigativos. Argumentó que este hecho es pertinente para determinar si la notificación fue realizada dentro el término dispuesto por ley, por lo que incidió el foro primario al resolver el pleito sumariamente.

Quiere decir pues, que debemos evaluar si existían controversias de hechos que impedían la resolución sumaria del caso de impugnación de confiscación. Igualmente, luego de dicho ejercicio, justipreciaremos si la aplicación del derecho fue correcta.[6] Llevado a cabo un análisis del expediente, nos lleva a concluir que no existe hechos medulares en controversia que impida resolver el caso sumariamente. Por ende, procedemos a evaluar si el foro primario aplicó el derecho correctamente.

Del legajo apelativo apreciamos que el **6 de octubre de 2023**, el Estado ocupó el vehículo de interés a tenor con la Ley Núm. 119-2011, por violación al Art. 6.15 de la Ley Núm. 168-2019, según la notificación de confiscación emitida por la Junta de Confiscación.[7] Como norma general, el Estado tiene un **término jurisdiccional de treinta (30) días**, desde la incautación del automóvil para notificar aquellos individuos enumerados

---

[6] Como primer paso, debemos evaluar si la solicitud de sentencia sumaria sometida en el caso cumplió con los requisitos de forma establecidos en nuestro ordenamiento jurídico para las mociones de sentencia sumaria. Así hecho, notamos que, en la *Moción en Solicitud de Sentencia Sumaria* sometida por Oriental, dicha parte se limitó a enumerar unos hechos sin siquiera identificar si existe o no controversia en cuanto a ellos. Este incumplimiento causa que el TPI no esté obligado a considerar tales hechos. No obstante, el foro primario dentro de la potestad discrecional que le cobija decidió acogerlos. Aprovechamos para señalar que el Estado sí cumplió con los requisitos de forma al oponerse a la moción dispositiva.

[7] Anejo I del Recurso de Apelación Civil, págs. 4-5.

en el Art. 13 de la Ley Núm. 119-2011. No obstante, la referida ley contempla excepciones al periodo de treinta días para notificar la confiscación, entre ellos y pertinente para los efectos de esta discusión, es la incautación del vehículo para fines investigativo. Según dispone la excepción del Art. 13 de la Ley Núm. 119-2011:

> En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación. 34 LPRA § 1724j.

Según dispone dicho artículo, cuando la propiedad es incautada y retenida para fines investigativos, el Estado tendrá un periodo de noventa (90) días para culminar su investigación y emitir la orden de confiscación. A su vez, indica que el periodo de treinta (30) días para notificar a las partes con interés comenzará a transcurrir desde que se expida la orden de confiscación.

El Estado argumentó en el caso que dicha disposición aplicaba a la situación de autos. Así, en su *Moción en Oposición a Solicitud de Sentencia Sumaria*, indicó lo siguiente:

> 1. El 14 de marzo de 2024 la parte Demandante presentó su escrito Moción Solicitando se Dicte Sentencia Sumaria alegando que la parte demandada no cumplió con los términos jurisdiccionales de notificación treinta (30) días a partir de la confiscación. En el caso que nos ocupa el término de treinta (30) días no es debe considerarse para computar si la notificación fue tardía ya que **el vehículo fue ocupado para investigación**. Véase Anejo I. Orden de Registro y Allanamiento.
>
> .    .    .    .    .    .    .    .    .
>
> 23. La Orden de Confiscación fue emitida el 23 de octubre de 2023 donde se indica que el vehículo fue utilizado en violación al Artículo 6.15 *Ley de Armas*.
>
> 24. Dicho vehículo fue ocupado mediante Orden de Registro y Allanamiento por Ley de Armas, expedida por el Honorable Juez Rafael Villafañes Riera, Juez Superior del Tribunal de Bayamón, el 6 de octubre de 2023. Véase anejo I.
>
> 25. Los hechos que motivaron la expedición de la Orden de Registro y Allanamiento están basados en una vigilancia contra una

residencia en el Barrio Macún, Calle Central Victoria, en Toa Baja, por violación a la Ley de Armas y Sustancias Controladas. Que al lado de la residencia a allanarse se encontraba el auto antes mencionado, y ya se había recibido información de que dentro de este se encontraban unos bultos que posiblemente en su interior contenían armas de fuegos y drogas. Por lo que procedieron a activar la unidad canina. Al lugar se presentó la Agte. Mónica Vega Guzmán, Placa #35092, junto al Can Buddy, detector de armas, quien "marcó" en ambas puertas laterales del auto. Lo que dio base al motivo fundado para la solicitud de una Orden de Registro y Allanamiento contra el vehículo. En el interior del vehículo se ocupó dos (2) abastecedores cal.40, un (1) abastecedor cal. 9mm, tres (3) abastecedores cal. 7.62 y 40 municiones cal. 40.

26. Así las cosas, el Gobierno cuenta con el término de (90) días para culminar su investigación y luego de culminados estos (90) días, tiene el término de (30) días a partir de emitida la Orden de Confiscación para notificar la confiscación a la parte interesada. La Orden de Confiscación fue emitida el 23 de octubre de 2023 luego de culminada la investigación correspondiente. [8]

Por otro lado, en su *Moción en Reconsideración* el Estado expresó lo

siguiente:

12. La Orden de Confiscación fue expedida por el fiscal investigador a los 17 días de la ocupación del vehículo de motor, por lo que conforme al artículo 13 de la Ley Uniforme de Confiscaciones se realizó dentro de los 90 días establecidos para culminar la investigación relacionada con cualquier acción penal y emitir la orden de confiscación correspondiente. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.

.        .        .        .        .        .        .        .

15. La parte demandada se opone a lo solicitado por la parte demandante, ya que la notificación de la confiscación no fue una tardía, conforme lo establece la Ley Uniforme de Confiscaciones del 2011 en su Art. 13. Dado que el vehículo de motor confiscado estaba siendo utilizado en la comisión de delitos de la ley especial de Armas de Puerto Rico, lo que conlleva una investigación relacionada a una acción penal, el término es uno excepcional que no excederá a los 90 días desde la ocupación de la propiedad.

16. El vehículo de motor motivo de la impugnación de confiscación fue ocupado para investigación, pero no confiscado el 6 de octubre de 2023, por haber sido usado en violación a la Ley de Armas de Puerto Rico. El Ministerio Publico, como regla general, tendría hasta el 5 de noviembre de 2023 para completar la investigación y ordenar la confiscación cumpliendo con el término de los 30 días que provee la Ley Uniforme de Confiscaciones, pero en el presente caso por ser una acción de índole penal la cual estaba siendo investigada, tenía el termino excepcional de 90 días, por lo que tenía hasta el 6 de enero de 2024 para completar la investigación y expedir la Orden de Confiscación.

.        .        .        .        .        .        .        .

---

[8] Anejo V Recurso de Apelación Civil, págs. 27 y 32.

20. El vehículo de motor fue ocupado el 6 de octubre de 2023 por la Policía de Puerto Rico por una investigación.

.        .        .        .        .        .        .        .

30. El caso de marras trata de una investigación confidencial que, luego de realizarse unas vigilancias, motivó la solicitud de una orden de registro y allanamiento ante un magistrado que fue expedida el 11 de octubre de 2023.

31. Los hechos que motivaron la expedición de la Orden de Registro y Allanamiento están basados en una vigilancia contra una residencia en el Barrio Macún, Calle Central Victoria, en Toa Baja, por violación a la Ley de Armas y Sustancias Controladas. Que al lado de la residencia a allanarse se encontraba el auto antes mencionado, y ya se había recibido información de que dentro de este se encontraban unos bultos que posiblemente en su interior contenían armas de fuegos y drogas. Por lo que procedieron a activar la unidad canina. Al lugar se presentó la Agte. Mónica Vega Guzmán, Placa #35092, junto al Can Buddy, detector de armas, quien "marcó" en ambas puertas laterales del auto. Lo que dio base al motivo fundado para la solicitud de una Orden de Registro y Allanamiento contra el vehículo. En el interior del vehículo se ocupó dos (2) abastecedores cal.40, un (1) abastecedor cal. 9mm, tres (3) abastecedores cal. 7.62 y 40 municiones cal. 40.

.        .        .        .        .        .        .        .

34. Vea el Honorable Tribunal que, en el caso de marras, el vehículo fue ocupado porque se estaba llevando a cabo una investigación relacionada al trasiego de sustancias controladas y armas de fuego, lo cual conlleva una acción penal. Cuando una propiedad es incautada y retenida para alguna investigación relacionada con cualquier acción penal, civil, administrativa o de otra índole, el Estado tiene hasta 90 días para realizar dicha investigación y gestionar la Orden de Confiscación—una vez emitida la Orden de Confiscación, el Estado deberá notificar dicha confiscación dentro de 30 días.

35. En el caso de autos, la investigación no tomó los 90 días autorizados en ley; el Estado realizó la investigación y gestionó la Orden de Confiscación a los 17 días de la ocupación del vehículo de motor; por otro lado 16 días más tarde notificó la Confiscación a la parte demandante, cumpliendo con el término establecido.

.        .        .        .        .        .        .        .

38. [L]a ocupación se dio motivada por una investigación que estaba siendo realizada por los agentes de la Policía de Puerto Rico y posteriormente fue autorizada la confiscación por el Ministerio Publico, para así demostrarlo se proveyeron documentos que lo confirman.

39. La parte demandante obvia que de la propia notificación enviada surge que el vehículo confiscado se incautó por una investigación criminal, la cual fue por violación al artículo 6.15 de la Ley de Armas, omitiendo así lo relacionado al asunto criminal que dio base a la incautación, para así descartar la alternativa "C" del artículo 13 de la Ley Uniforme de Confiscaciones el cual es el de aplicación en el presente asunto. Al tomar la totalidad de las circunstancias, los hechos no controvertidos, los documentos presentados por las partes, los aspectos relacionados al motivo que comenzó la acción del Estado para ocupar y posteriormente

confiscar, es forzoso concluir que no es de aplicación el término jurisdiccional general de 30 días a partir de la ocupación, si no el término excepcional cuando existe una investigación criminal.[9]

Tanto al oponerse a la sentencia sumaria, como al solicitar reconsideración de la sentencia, el Estado insistió que el vehículo fue retenido para propósitos investigativos.[10] Basándose en ello, argumentó que es de aplicación el término excepcional para fines investigativos que dispone el Artículo 13 de la Ley Núm. 119-2011.

Ahora bien, es importante considerar que referente a tal término excepcional, el Tribunal Supremo ha expresado lo siguiente:

> [N]o es suficiente aludir simplemente a una supuesta investigación en términos vagos y generalizados. El estatuto exige establecer, tanto la naturaleza de la investigación, como la necesidad de retener la propiedad para fines *asociados* a esa investigación. Reliable Financial v. ELA, 197 DPR 289, 303 (2017).

Al igual, el máximo foro ha indicado que:

> El hecho que se hayan ocupado armas en el automóvil no implica que automáticamente el vehículo sea relevante para alguna investigación ulterior sobre posibles cargos criminales contra los ocupantes. En sus escritos, el Gobierno no detalla en qué consistió la supuesta investigación, cuál fue su propósito y su nexo con el vehículo. Por ejemplo, no existe ninguna referencia en el expediente que alerte sobre la necesidad de realizar algún tipo de inspección ulterior para levantar huellas dactilares, DNA o residuos de sustancias controladas, sangre o pólvora. Tampoco se infiere que fuera pertinente algún examen pericial concerniente al estado o al funcionamiento de los frenos, gomas u otros componentes del vehículo. *Id.*, págs. 304-305.

De lo anterior se desprende que no es suficiente aludir de forma general a una supuesta investigación, sino que, para que el Estado pueda beneficiarse del término de 90 días, debe indicar la pertinencia del vehículo para la investigación. **En el caso de autos, en ningún momento el ELA detalló a qué correspondía su investigación, ni explicó la pertinencia del vehículo ocupado en la investigación. Por el contrario, se limitó a meramente decir que existía una investigación, que era de naturaleza penal, y que, por ende, se debía aplicar el término excepcional para fines**

---

[9] Anejo VII del Recurso de Apelación Civil, págs. 52-56.
[10] Esto puede apreciarse de los incisos 1 y 26 de su oposición a sentencia sumaria en los incisos 12, 15, 16, 20, 34, 35 y 39 de su reconsideración.

**investigativos.** Es obvio que esto no cumple con lo requerido por la jurisprudencia.

Inclusive, hasta cuando el Estado indicó que la investigación culminó y que, por consiguiente, se emitió la *Orden de Confiscación*, omitió presentar información relacionada a su investigación que acreditara la necesidad de retener la propiedad para fines investigativos. Entiéndase pues, que el ELA falló en someter evidencia que permitiera determinar que el término excepcional del Art. 13 de la Ley Núm. 119-2011 aplica en el caso que nos ocupa. Ni en la *Orden de Confiscación*, ni en la *Notificación de Confiscación*, surge mención que el vehículo había sido retenido para fines investigativos. Ante esto, es importante recordar que nuestro Tribunal Supremo ha expresado que:

> Con el propósito de garantizar que la facultad para incautar propiedad privada se ajuste a lo dispuesto en la normativa provista en el Art. 13 de la Ley Núm. 119-2011, *supra*, disponemos hoy que la mejor práctica es que los motivos investigativos para retener la propiedad en estos casos se revelen a los dueños y a las personas con interés lo más cercano posible a la incautación. De este modo, se les alerta oportunamente que el trámite confiscatorio puede extenderse más allá de los treinta o sesenta días, provistos en los otros supuestos de este precepto de ley. A la vez se reduce la posibilidad de que el Estado improvise justificaciones *a posteriori* para la demora, vulnerando los derechos propietarios de los dueños. Igualmente pueden consignarse fehacientemente en la orden de confiscación los fines investigativos que provocaron la retención de la propiedad. Reliable Financial v. ELA, *supra*, págs. 305-306.

Por otro lado, según las alegaciones del ELA, el Estado ya había realizado una investigación que motivó la expedición de la *Orden de Registro y Allanamiento* por presunta violación de la Ley de Armas y Sustancias Controladas.[11] **Sin embargo, no demostró llevar a cabo actos que permitan concluir que, en efecto, había una investigación en curso posterior a la ocupación del vehículo. Tampoco, acreditó la necesidad de realizar una investigación ulterior a la ya realizada para expedir la *Orden de Registro y Allanamiento*.**

---

[11] Los incisos 24 y 25 de la oposición de Sentencia Sumaria y los incisos 20, 30, 31, 34 y 38 de la reconsideración del ELA.

Debido a las claras manifestaciones de nuestro más Alto Foro antes transcritas, no albergamos duda de que el Estado tiene que ser más diligente en sus diligencias al confiscar un vehículo. No puede descansar en expresiones generales y parcas al momento de complementar los documentos relacionados a la confiscación de un vehículo, ni escudarse en los formularios estándares, que para tales fines se han preparado.

Mencionado todo esto, es forzoso concluir que el término excepcional del Art. 13 de la Ley Núm. 119-2011 **no aplica** en el caso que nos ocupa. Por ende, aplica la norma general de dicho artículo que dispone un **término jurisdiccional de treinta (30) días** para notificar la incautación desde que el vehículo fue ocupado. En base de los hechos del expediente, el automóvil fue ocupado el **6 de octubre de 2023**. Mientras, la notificación fue realizada el **8 de noviembre de 2023**, según el matasellos del correo. Por lo cual, se notificó la confiscación fuera del término establecido por ley y por ende es nula.

-IV-

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones